1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

LINDA K. BAKER,

CASE NO. C14-0319JLR

11

Plaintiff,

ORDER

12

v.

13

COLONIAL LIFE & ACCIDENT
INSURANCE CO.,

14

Defendant.

15

## I.   INTRODUCTION

16

17

18

19

20

21

22

Before the court is Defendant Colonial Life & Accident Insurance Co.'s

("Colonial Life") motion to bifurcate.  (Mot. (Dkt. # 29).)  Colonial Life asks the court to

bifurcate this case into two parts, conducting one discovery and trial phase to determine

whether Plaintiff Linda Baker's state law claims are preempted and another discovery

and trial phase to adjudicate the merits of Ms. Baker's claims.  (*See id.*)  The court has

considered the submissions of the parties, the governing law, and the record in this case

1  and concludes that Colonial Life has not met its burden of demonstrating that bifurcation

2  would be helpful in this case.  Accordingly, the court DENIES Colonial Life's motion.

3  ## II.   BACKGROUND

4    This is a case about insurance benefits.  Ms. Baker is insured by Colonial Life

5  under Colonial Life & Accident Insurance Company, Policy No. "4 3766-569 80 Linda."

6  (Compl. (Dkt. # 1-2) ¶¶ 35, 36.)  Ms. Baker was diagnosed with cancer in November

7  2012, triggering her benefits under the policy.  (*Id.* ¶ 38.)  She submitted a claim for her

8  loss (*id.* ¶ 39), but she alleges that Colonial Life has unreasonably failed to pay her the

9  benefits owed under the policy.  (*Id.* ¶ 45.)  Although Colonial Life has paid some

10 benefits, Ms. Baker alleges that not all claims have been paid.  (*Id.* ¶ 41.)  Ms. Baker

11 claims that she has invested a significant amount of time in this insurance claim because

12 of Colonial Life's failure to investigate and failure to pay, and that the process has taken

13 an emotional and financial toll on her.  (*Id.* ¶ 48.)  Ms. Baker filed this complaint in King

14 County Superior Court, alleging claims for breach of contract, bad faith, negligent claims

15 handling, constructive fraud, violations of unfair claim handling regulations, and claims

16 under Washington's Insurance Fair Conduct Act and the Consumer Protection Act.  (*See*

17 *generally* Compl.)

18   Colonial Life removed the case to federal court, asserting that it is governed by the

19 Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

20 ("ERISA").  (*See* Not. of Removal (Dkt. # 1) at 1.)  Colonial Life then moved to dismiss

21 Ms. Baker's state law claims, arguing that they are preempted by ERISA's broad

22 preemption provisions.  (3/19/14 Mot. (Dkt. # 9).)  The court converted the motion into a

ORDER- 2

1  summary judgment motion and then denied it, finding that factual issues remained that

2  precluded a determination of ERISA preemption.  (4/30/14 Order (Dkt. # 21).)  In

3  particular, there were outstanding factual issues with respect to whether ERISA's "safe

4  harbor" provisions applied.  (*Id.* at 10-11.)  As such, the court denied the motion "without

5  prejudice to raising the arguments made therein in a later motion based on a more

6  complete record."  (*Id.* at 11.)  Two and a half months later, Colonial Life filed this

7  motion to bifurcate.  (*See* Mot.)

8                          **III.    ANALYSIS**

9          Motions to bifurcate are granted or denied in the sound discretion of the trial court.

10  *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).  A

11  district court's authority to bifurcate comes from Federal Rule of Civil Procedure 42(b),

12  which states:

13          For convenience, to avoid prejudice, or to expedite and economize, the
           court may order a separate trial of one or more separate issues, claims,
14          crossclaims, counterclaims, or third-party claims. When ordering a separate
           trial, the court must preserve any federal right to a jury trial.
15

16  Fed. R. Civ. P. 42(b).  In deciding a motion to bifurcate, courts consider factors such as

    convenience, prejudice, judicial economy and whether the issues are clearly separable.
17
    *Bowoto v. Chevron Corp.*, No. C 99-02506 SI, 2008 WL 2074401, at *1 (N.D. Cal. May
18
    15, 2008).  The party seeking bifurcation "has the burden of proving that bifurcation is
19
    justified given the facts in [the] case."  *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,
20
    144 F.R.D. 99, 102 (N.D. Cal. 1992).
21

22

1    Bifurcation is the exception rather than the rule. *Hangarter*, 373 F.3d at 1021. If

2  a single issue could be dispositive of the case or is likely to lead the parties to negotiate a

3  settlement, and resolution of it might make it unnecessary to try the other issues in the

4  litigation, separate trial of that issue may be desirable to save the time of the court and

5  reduce the expenses of the parties. *See Allstate Ins. Co. v. Breeden*, 410 F. App'x 6, 9

6  (9th Cir. 2010); *Dees v. Allstate*, No. C12-04823, 2012 WL 3877708, at *1 (W.D. Wash.

7  2012). If, however, the preliminary and separate trial of an issue will involve extensive

8  proof and substantially the same facts or witnesses as the other issues in the cases, or if

9  any saving in time and expense is wholly speculative, the motion should be denied. *See*

10  *Datel Holdings LTD. v. Microsoft Corp.*, No. C-09-05535 EDL, 2010 WL 3910344, at

11  *2-5 (N.D. Cal. Oct. 4, 2010); *Dees*, 2012 WL 3877708, at *1. The Ninth Circuit has

12  stated that a district court's decision declining to bifurcate comports with "normal trial

13  procedure." *Hangarter*, 373 F.3d at 1021.

14    Colonial Life argues that bifurcation would further convenience and serve the ends

15  of judicial economy. (Mot. at 4-5.) Colonial Life proposes that the court first conduct a

16  discovery and trial phase to settle the ERISA preemption issue, then proceed to a separate

17  discovery and trial phase for the merits of Ms. Baker's claims. (*See id.* at 1-3.) Colonial

18  Life argues that this is appropriate because the scope of merits discovery will be different

19  depending on how the ERISA issue is resolved. (*Id.* at 5-6.) Colonial Life asserts that

20  "the case may be greatly simplified or totally resolved after this first phase of bifurcation,

21  which is much more efficient for the Court and for the parties." (*Id.* at 6.) Colonial Life

22  also argues that "[b]ifurcation is the most convenient means of treating this case" and that

ORDER- 4

1   no prejudice will result from bifurcation.  (*Id.*)  Colonial Life's argument is premised

2   primarily on the supposition that it is unnecessary to subject Colonial Life to full merits

3   discovery for Ms. Baker's state law claims if those claims may ultimately be dismissed

4   by the court.

5         On the other hand, Ms. Baker argues that bifurcation would not be helpful.  (Resp.

6   at 4-5.)  She asserts that the time and expense associated with multiple discovery periods

7   and trials would outweigh any benefit that would come from bifurcation.  (Resp. at 5-6.)

8   She argues that some level of claims-handling and other merits discovery will be

9   necessary whether ERISA preemption applies or not.  (*Id.* at 6-7.)  Primarily, this is

10  because the ERISA preemption issue does not resolve the case entirely, it only changes

11  the complexion of the case moving forward.  (*Id.*)  Ms. Baker concedes that discovery

12  may be different if the case is preempted by ERISA, but argues that the differences are

13  not substantial enough to warrant bifurcation.  (*Id.* at 7.)  In addition, Ms. Baker points

14  out that allowing two discovery periods could cause unnecessary duplication of discovery

15  efforts—for example, requiring some witnesses to be deposed twice.  (*Id.* at 8-9.)

16  Further, Ms. Baker argues that it is unfair to further delay her case since she has

17  pancreatic cancer and delay could prevent her from getting benefits in a timely manner.

18  (*Id.* at 9.)

19        The court agrees with Ms. Baker.  In reaching this conclusion, the court is

20  mindful of the text of Rule 42, which permits bifurcation for "convenience, to avoid

21  prejudice, or to expedite and economize . . . ."  Fed. R. Civ. P. 42(b).  First, Colonial Life

22  has not shown that bifurcating this case will result in greater convenience.  It is clear that

1   bifurcation would be more convenient for Colonial Life.  However, it would be less

2   convenient for the court:  bifurcation would only create an extra procedural complication

3   and require the court to preside over multiple phases of the case.  More importantly,

4   bifurcation would be far less convenient for Ms. Baker.  There is no additional

5   convenience to Ms. Baker to having Colonial Life's ERISA defense addressed first.  The

6   court concludes that any added convenience for Colonial Life is outweighed by the

7   inconvenience to Ms. Baker and the court of creating additional complications and

8   potentially protracting this litigation.

9         The same is true for prejudice.  Colonial Life has not demonstrated that it would

10   be unduly or unfairly prejudiced by proceeding with this case on an ordinary schedule.

11   Defendants do not ordinarily have a right to have discovery on their defenses before the

12   plaintiff gets merits discovery.  Thus, denying bifurcation would merely require Colonial

13   Life to shoulder the ordinary burdens of litigation.  This cannot fairly be called prejudice.

14   In any event, any prejudice to Colonial Life is outweighed by the prejudice that Ms.

15   Baker could potentially suffer if the court were to follow Colonial Life's suggestion to

16   deviate from the ordinary course of litigation and address Colonial Life's defenses first.

17         As for expeditiousness and economy, there would be no substantial gains here

18   either.  Certainly, there would be no added efficiencies for the court.  Moreover, there is

19   no serious suggestion that the case would be completely resolved after the first phase or

20   otherwise expedited—except for Colonial Life's speculative assertion that the case might

21   settle after the ERISA issue is resolved.  (Mot. at 4, 6.)  And it is uncertain whether it will

22   be more economical for Colonial Life to resolve the ERISA issue first.  Economies will

1    only result if Colonial Life succeeds with its ERISA motion.  If Ms. Baker prevails on the

2    ERISA issue, bifurcation could prove to be far less economical for both parties.

3            The court also points out that, absent bifurcation, there is nothing to prevent

4    Colonial Life from front-loading its ERISA preemption discovery and promptly filing a

5    motion for summary judgment on the ERISA issue.  Moreover, the discovery schedule in

6    this case has been set according to the parties' own requests (*see* Joint Status Report (Dkt.

7    # 25)), and the parties are free to agree among themselves that ERISA discovery should

8    be completed in an expedited fashion while merits discovery is conducted according to an

9    ordinary timetable.

10           In light of the foregoing, Colonial Life has not met its burden to demonstrate that

11   bifurcation is more appropriate than "normal trial procedure."  *Hangarter*, 373 F.3d at

12   1021; *see Spectra-Physics*, 144 F.R.D. at 102.  Consequently, the court DENIES Colonial

13   Life's motion to bifurcate (Dkt. # 29).

14           Dated this 5th day of August, 2014.

15

16

17           _____

18           JAMES L. ROBART
             United States District Judge

19

20

21

22

ORDER- 7